IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal No. 14-134 |
| MYKHAILO SERGIYOVYCH RYTIKOV | ) |
| [REDACTED] | ) |
| JOHN DOE 1 aka "S▮▮▮▮" | ) |
| JOHN DOE 2 aka "R▮▮▮" | ) |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Paul E. Hull, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a thirty-four count Indictment against the above-named defendants for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 and 21 | Conspiracy<br>From on or about at least February 4, 2009, and continuing thereafter until on or about June 22, 2009 | 18 U.S.C. § 371 |

**FILED**

MAY 22 2014

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | | |
|---|---|---|
| 2 and 22 | Computer Damage<br>From on or about at least February 4, 2009, and continuing thereafter until on or about June 22, 2009 | 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B) |
| 3-15 and 23-28 | Unauthorized Access<br>From on or about May 22, 2009 to June 21, 2009 | 18 U.S.C. §§ 1030(a)(2) and 1030(c)(2)(B)(i) and (ii) |
| 16-20 and 29-34 | Aggravated Identity Theft<br>From on or about May 22, 2009 to June 23, 2009 | 18 U.S.C. §§ 1028A(a)(1) and 2 |

## II.  ELEMENTS OF THE OFFENSES

### A.  As to Counts 1 and 21:

In order for the crime of Conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That two or more persons agreed to commit offenses against the United States, as charged in the indictment;

2.  That Defendant was a party to or member of that agreement;

3.  That Defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that Defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve objectives to commit offenses against the

2

United States; and,

    4.    That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

    Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.    As to Counts 2 and 22:**

In order for the crime of Computer Damage, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly caused the transmission of a program, information, or command;

    2.    That, as a result of such transmission, the defendant intentionally caused damage to a protected computer without authorization; and,

    3.    That the actions of the defendant caused damage affecting 10 or more protected computers during a 1-year period.

**C.    As to Counts 3-15 and 23-28:**

In order for the crime of Unauthorized Access, in violation of 18 U.S.C. §§ 1030(a)(2) and 1030(c)(2)(B)(i) and (ii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

3

      1.    That the defendant intentionally accessed a computer;

      2.    That the defendant did so without authorization or, in excess of, authorization;

      3.    That as a result of the access, the defendant viewed or obtained information;

      4.    That the computer accessed was a protected computer; and,

      5.    That the access of the computer was committed for the purpose of private financial gain and in furtherance of a criminal or tortious act against the Constitution and laws of the United States or any State.

**D.  As to Counts 16-20 and 29-34:**

In order for the crime of Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.    The defendant knowingly transferred, possessed or used, without lawful authority, a means of identification of another person;

      2.    That either the transfer, possession or use of the means of identification of was during and in relation to the felony violations of 18 U.S.C. §§ 1030(a)(2) and 1030(c)(2)(B)(i) and (ii)

4

and 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B) as set forth in the indictment; and,

    3.    That the means of identification of Defendant belonged to an actual person.

> Flores-Figueroa v. United States, 556 U.S. 646, 129 S.C. 1886 (May 4, 2009); 10th Circuit Pattern Criminal Jury Instructions, Instruction No. 2.45 (2005 Edition) (modified) (defining "during and in relation to"); United States v. Lyamu, (11th Cir. 2010).

### III. PENALTIES

**A.  As to Counts 1 and 21: Conspiracy (18 U.S.C. § 371):**

1.    <u>Individuals</u> - The maximum penalties for individuals are:

    (a)    imprisonment of not more than 5 years (18 U.S.C. § 371);

    (b)    a fine not more than the greater of;

        (1)    $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

        (2)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (c)    a term of supervised release of not more than

5

three (3) years (18 U.S.C. § 3583); and,

   (d) Any or all of the above.

  **B.** **As to Counts 2 and 22: Computer Damage (18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)):**

   1. A term of imprisonment of not more than 10 years;

   2. A fine of up to $250,000 or twice the pecuniary gain to any person or twice the pecuniary loss to any person; and,

   3. A term of supervised release of not more than three years.

  **C.** **As to Counts 3-15 and 23-28: Unauthorized Access (18 U.S.C. §§ 1030(a)(2) and 1030(c)(2)(B)(i) and (ii)):**

   1. A term of imprisonment of not more than 5 years;

   2. A fine of up to $250,000 or twice the pecuniary gain to any person or twice the pecuniary loss to any person; and,

   3. A term of supervised release of not more than three years.

  **D.** **As to Counts 16-20 and 29-34: Aggravated Identity Theft (18 U.S.C. §§ 1028A(a)(1) and 2):**

   1. A term of imprisonment of two years to run consecutively with any other term imposed, except as stated in 18 U.S.C. § 1028A(b)(4) (18 U.S.C. § 1028A(a)(1), (b));

   2. A fine not more than the greater of:

    (1) $250,000 (18 U.S.C. § 3571(b)(3));

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than one (1) year (18 U.S.C. § 3583); and,

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case as to all Counts, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

### VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

PAUL E. HULL
Assistant U.S. Attorney
PA ID No. 35302