IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | 2:14cr00134 |
| v. ) | **Electronic Filing** |
| ) | |
| **MYKHAILO SERGIYOVYCH RYTIKOV** ) | |

## MEMORANDUM ORDER

AND NOW, this 31st day of January, 2025, upon due consideration of Defendant's Motion to Restore Violated Rights and the government's opposition thereto, IT IS ORDERED that [23] the motion be, and the same hereby is, denied. This ruling is without prejudice to defendant renewing the motion in the event defendant submits to the jurisdiction of this court for the purpose of answering the charges the Grand Jury has returned against him.

As aptly noted by the United States, the "fugitive disentitlement doctrine" strongly counsels against the court proceeding with an adjudication of defendant's motion at this juncture. See Government Response in Opposition (Doc. No. 32) at 3-4 (citing Degen v. United States, 517 U.S. 820, 824 (1996) and Molinaro v. New Jersey, 396 U.S. 365, 366 (1970) and collecting cases). Defendant requests this court to restore his "right to a fair trial by takeover of [this criminal case] by the Ukrainian authorities . . . and [to restore his] property rights by ensuring the immediate return to the defendant the property seized during the search [of defendant's residence in Ukraine] . . . ." Defendant's Motion to Restore (Doc. No. 23) at p. 7.[1] But doing so at this juncture would run counter to the principles upon which the doctrine is founded.

---

[1] The government responds to defendant's request for the return of seized property as follows: "[a]mong other issues, Rytikov's motion includes a request for the return of certain property that the United States obtained through valid legal process, and which the United States currently is in the process of returning to Rytikov through customary diplomatic channels with the Ukraine." Government's Response in Opposition (Doc. No. 32) at 5.

First, any judgment on the matter would lack mutuality of consequences because defendant has been aware of the charges against him for years and has elected not to make himself available to answer those charges. He has been and currently remains beyond the court's reach and he actively has resisted extradition to the United States. See Government Response at 2 ("On August 5, 2014, Rytikov was arrested in Gomel, Belarus, pursuant to an Interpol Red Notice issued at the request of the United States seeking the arrest of Rytikov on charges originating in a separate case pending against him in the Eastern District of Virginia. Rytikov refused to consent to surrender to the United States Government, and instead successfully opposed extradition."). As a result, any adverse ruling is at risk for effective enforcement. See Degen, 517 U.S. at 824 ("so long as the party cannot be found, the judgment on review may be impossible to enforce. This was the rationale of the first case to acknowledge the doctrine, Smith v. United States, [94 U.S. 97]: "It is clearly within our discretion to refuse to hear a criminal case in error, unless the convicted party, suing out the writ, is where he can be made to respond to any judgment we may render.").

Second, proceeding in the manner advocated by defendant has the potential of permitting him to gain a substantive advantage through the evasion of prosecution, which would promote an undesirable tactic in resolving outstanding criminal proceedings. See United States v. Vaulin, 2017 WL 3334861, *3 (N.D. Ill. Aug. 4, 2017) ("disentitlement 'redress[es] the indignity visited upon the District Court by [a fugitive's] absence from the criminal proceeding,' essentially denying the fugitive the benefit of unclean hands.") (quoting Degen, 517 U.S. at 824, 828). Our Court of Appeals has recognized that Degen did not displace the dignity and deference components of the doctrine when applied in the criminal context, but merely shifted the focus in the civil context to practical considerations such as enforceability and prejudice. Maydak v. U.S. Dept. of Educ., 150 F. App'x 136, 137 (3d Cir. 2005) (citing Sarlund v. Anderson, 205 F.3d 973, 974–75 (7th Cir. 2000)). Defendant's tactical efforts to resist extradition and thereafter seek to

have the criminal charges transferred to prosecutorial authorities outside the United States smacks of the afront to the dignity of this court which the Supreme Court has consistently recognized as a legitimate factor informing the exercise of a court's discretion in applying the disentitlement doctrine.  Cf. Degen, 517 U.S. at 828 ("The dignity of a court derives from the respect accorded its judgments."); Maydak, 150 F. App'x at 138 (recognizing and protecting the dignity of court before which the criminal proceeding is pending remains an important consideration).

  Finally, the sanction of dismissing defendant's motion without prejudice to renew in the event he submits to the jurisdiction of this court to answer the charges against him is not an excessively harsh or extreme sanction.  Defendant's ability to seek the requested redress is not conclusively foreclosed; it is simply postponed until defendant is before the court.  Id. (recognizing that foreclosing future consideration of claims on their merits is an important aspect of exercising the inherent discretion courts retain in applying the doctrine); Maydak, 150 F. App'x at 138 (weighing the severity of the sanction in assessing whether the district court had properly applied the doctrine).

  The principles governing the application of the disentitlement doctrine weigh in favor of denying defendant's motion.  The denial is without prejudice to renewing the motion in the event defendant submits to the jurisdiction of this court and answers the charges a Grand Jury has returned for conduct defendant allegedly perpetrated in the Western District.

                s/David Stewart Cercone
                David Stewart Cercone
                Senior United States District Judge

cc: Mark V. Gurzo, AUSA
   Mykhailo Sergiyovych Rytikov
   Mikhail.rytikov@ua.fm
   (*Via CM/ECF Electronic Mail*)